FEDERAL DEPOSIT INSURANCE
CORPORATION, etc., Plaintiff,

v.

CONSOLIDATED MORTGAGE AND
FINANCE CORP., et al.,
Defendants.

Civ. No. 79–2279 HL.

United States District Court,
D. Puerto Rico.

March 12, 1990.

Stanley L. Feldstein, San Juan, P.R., Frank L. Skillern, Jr., Gen. Counsel, Myers N. Fisher, Asst. Gen. Counsel, Michael B. Brugee, Sr. Counsel, Wayne D. Baller, Atty., Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

José A. Suro, Amadeo & Suro, Santurce, P.R., for Urbanizadora Altomar, Inc.

Juan M. Méndez Solís, Hato Rey, P.R., for Urbanizadora Acro, Inc.

Julio M. Rodríguez, Fiddler González & Rodríguez, San Juan, P.R., for Gerald N. Rosenberg and Malcolm Rosenberg.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is an action for the collection of money owed on certain promissory notes executed by codefendant Consolidated Mortgage and Finance Corporation ("Consolidated") and purchased by plaintiff Federal Deposit Insurance Corporation ("FDIC") on March 31, 1978 upon the closing of the Banco Crédito y Ahorro Ponceño by the Puerto Rico Secretary of the Treasury. Codefendants José A. Suro and others executed continuing letters of guaranty as joint surety ("fiador solidario")[1] to se-

---

1. This Court stated in the opinion and order of July 15, 1988 that "[i]n the civil law, an obligation that is *'solidaria'* is one in which there is individual and collective responsibility among the debtors. *See* 19 L.P.R.A. sections 18, 119. An obligation that is *'mancomunada'* is one where two or more debtors share in the respon-

sibility of that obligation. A 'fiador solidario' is often translated as 'joint surety.' *Nones v. Carr,* 98 P.R.R. 230 (1970); *Consolidated,* 805 F.2d 14.... The reader should be aware that obligations that are 'joint,' 'several,' and 'joint and several' under the Common Law are not exactly equivalent to the legal concepts of *'mancomuna-*

cure payment of the notes. FDIC filed a complaint against Consolidated, Suro and the other guarantors of the promissory notes. FDIC, however, did not sue Suro's wife, Gloria Llombart ("Llombart"), or the conjugal partnership constituted by Suro and Llombart. On July 14, 1988, the Court entered judgment against Suro jointly and severally in the amount of $9,810,925.20.[2] *See Federal Deposit Insurance Corp. v. Consolidated Mortgage & Finance Corp.,* 691 F.Supp. 557 (D.P.R.1988). Pending before the Court is Suro's motion to vacate a writ of attachment against stock certificates of Borinquen Memorial Parks, Inc., he owns with his wife as community property.

Upon consideration of oral arguments and the memoranda of law submitted by FDIC, Suro, Llombart and the conjugal partnership of Suro and Llombart, the Court finds that Llombart and the conjugal partnership are not liable for the judgment against Suro and FDIC is not entitled to execute its judgment upon any property of the conjugal partnership.

 FDIC contends that Rule 51.7 of the Puerto Rico Rules of Civil Procedure[3] authorizes this Court to bring Llombart and the conjugal partnership into this action and to hold them responsible for the obligations incurred by Suro. We disagree based on the Puerto Rico Supreme Court opinion in *Pauneto v. Nuñez,* 115 D.P.R. 591 (1984).

In *Pauneto,* the plaintiff brought a collection action against defendant; the plaintiff did not sue defendant's wife or the conjugal partnership constituted by them. Two years after the entry of judgment against defendant, the plaintiff sought to hold jointly liable defendant's wife and the conjugal partnership composed by them under Rule 51.7.

The court found that P.R.Civ.Proc.R. 51.7 has a limited application. It applies only when: (1) there is a "previous joint liability arising from a *contractual* 'obligation;' and 2) that the persons against whom the Rule is invoked could have been sued and summoned when the action was filed." 115 T.P.R. 777, 783 (emphasis added). In discussing the first prong of the test, the court held that joint liability does not necessarily exist between the spouses and the conjugal partnership. The court noted that under the Puerto Rico Civil Code joint obligations must be clearly expressed in writing and cannot be presumed. This principle does not imply that "the spouses, as individuals, are jointly liable for all the obligations of the marital community or vice versa." *Id.* at 784. The conjugal partnership is a separate legal entity from the spouses that comprise it. *Id.* at 781. Although there exists a rebuttable presumption that debts and obligations contracted during the marriage by either of the spouses can be charged to the community property, this presumption is "not synonymous with joint liability."[4] *Id.* at 784; Civil

---

*da'* and *'solidaria'* under the Civil Law." *See* G. Velázquez, *Las Obligaciones: Según el Derecho Puertorriqueño,* 294 (1964); *Rosario v. Sandoval,* 60 P.R.R. 401, 403 (1942). *Federal Deposit Insurance Corp. v. Consolidated,* 691 F.Supp. 557, 562 n. 2 (D.P.R.1988).

2. During the jury trial of this action, the Court directed verdict for FDIC in the amount of $9,810,925.20 against Consolidated, Suro and other codefendants, jointly and severally. Only Consolidated and Suro appealed the judgment to the First Circuit. The First Circuit affirmed the judgment against Consolidated, and remanded as to Suro for further determination as to applicability of the statute of limitations. *Federal Deposit Insurance Corp. v. Consolidated Mortgage & Finance Corp. Inc.,* 805 F.2d 14 (1st Cir.1986). We found that FDIC's claim for collection of money was timely filed. *Consolidated Mortgage,* 691 F.Supp. 557.

3. Judgments entered in federal courts are to be executed "in accordance to the practice and procedure of the state in which the district court is held" pursuant to Fed.R.Civ.Proc. 69(a). Accordingly, Puerto Rico Civil Procedure Rule 51.7 governs the execution of the judgment entered against Suro. Rule 51.7 provides in part:

 *Proceedings on Judgment Against Joint Debtors*
 When a judgment is recovered against one or more of several *debtors, jointly liable for an obligation,* those debtors who are not parties to the action may be summoned to show cause why they should not be *bound by the judgment in the same manner as if they had been originally sued....*
 32 L.P.R.A.App. III (emphasis added).

4. FDIC asserts that Llombart and the conjugal partnership are liable under Article 1308 of the Puerto Rico Civil Code, 31 L.P.R.A. sec. 3661,

Code, 31 L.P.R.A. sec. 3661. The court therefore declined to apply Rule 51.7 to judgment debtor's spouse and conjugal partnership who were non-parties to the action.

Similarly, we must find that Llombart and the Suro–Llombart conjugal partnership are not bound by the judgment entered against Suro because joint liability of the spouse or the conjugal partnership cannot be presumed by the fact that only one of the spouses assumed an obligation. There is no evidence in the record that Llombart gave Suro an express mandate to administer and represent their community property. Thus, there exists no contractual joint obligations among Suro, Llombart and their conjugal partnership. FDIC cannot plead ignorance since it was aware that Suro was married because said fact is stated in the promissory notes and the letters of guaranty executed by Suro.[5] FDIC could have sued Suro's wife and the Suro–Llombart conjugal partnership and chose not to.[6] It cannot now request that they be legally bound to the judgment entered against Suro.

■ Moreover, we note that even if FDIC had sued Llombart and the Suro–Llombart conjugal partnership, said cause of action would have been dismissed. In *WRC Properties, Inc. v. Heriberto Santana*, 116 D.P.R. 127 (1985), the plaintiff entered into a lease contract with the principal debtor, and defendant agreed in writing to be a joint surety for the principal debtor. Defendant signed the joint surety contract in his individual capacity and in his representative capacity of the conjugal partnership. The surety's wife did not sign the joint surety contract. The principal debtor breached the lease contract. Plaintiff then sued the principal debtor and obtained a default judgment against said debtor. Later, plaintiff sued the joint surety and the conjugal partnership composed of the surety and his wife. In examining the facts of the case, the court found that the underlying lease contract had no connection to the conjugal society and that it was for the benefit of the principal debtor, a corporation. The court concluded that the joint surety could not obligate the conjugal partnership nor his spouse personally. Since the creditor knew that the joint surety was married and it did not request the signatures of both spouses, it limited the terms of the guaranty to the spouse who signed the surety contract. The court vacated the judgment entered against the conjugal partnership.

Here, FDIC was aware of the existence of the conjugal partnership since it clearly appears from the notarized letters of guaranty that Suro was married. Suro's obli-

---

which reads that "[c]hargeable to the community property shall be ... [a]ll debts and obligations contracted during the marriage by either of the spouses." The Puerto Rico Supreme Court has interpreted this statute as creating a rebuttable presumption. *Banco de Ahorro del Oeste v. Santos*, 112 D.P.R. 70 (1982). Either spouse could obligate the conjugal partnership provided that the debt or obligation was incurred by only one of the spouses to serve the family interest and not for the borrower's own benefit and not for the purpose of intending to injure or defraud the other spouse, then the debt or obligation would be binding on the community property. *WRC Properties, Inc. v. Santana*, 116 D.P.R. 127 (1985). The non-contracting spouse has the burden of proof to show that he or she received no benefit from the incurred debt. If the non-contracting spouse meets this burden, liability of the conjugal partnership is secondary to the "prior marshalling of assets belonging to the debtor-spouse." *Federal Deposit Insurance Corp. v. Pérez Pérez*, 637 F.Supp. 358, 361 (D.P.R.1986). However, this analysis would apply when the conjugal partnership and the non-contracting parties have been sued in the action along with the contracting spouse. This analysis is not applied in the summary proceedings of P.R.Civ.Proc.R. 51.7.

**5.** At the bottom of the three letters of guarantees executed by Suro, the notary acknowledged and subscribed that Suro was of legal age and married.

**6.** FDIC relies on *Frito–Lay of Puerto Rico, Inc. v. Martinez Cañas*, 92 F.R.D. 384 (D.P.R.1981) to support holding Suro's wife and the conjugal partnership liable for the judgment entered against Suro under P.R.Civ.Proc.R. 51.7. However, *Frito–Lay* is not controlling because it was decided without the benefit of the Supreme Court decision in *Pauneto*, 115 D.P.R. 591. The *Pauneto* court chose not to follow the rationale expressed in *Frito–Lay* concerning the interpretation of the summary proceedings of Rule 51.7. Under our Rule 69, we are to apply local law on execution of federal district court judgments.

gation as a joint guarantor of Consolidated was not conjugal in nature inasmuch as the commercial loans taken by Consolidated had nothing to do with community property. By accepting Suro's signature only on a joint surety contract, FDIC is foreclosed from holding Suro's wife and conjugal partnership liable for the debts. *Id.* at 135–36. Hence, Suro, in his individual capacity, is solely responsible along with the other named codefendants.

WHEREFORE, the motion to vacate the writ of attachment imposed on the stock certificate is hereby GRANTED. Accordingly, FDIC is hereby ordered to return the stock certificates of Borinquen Memorial Parks, Inc., number 18, issued on May 31, 1978.

IT IS SO ORDERED.