USCA1 Opinion

 

 January 20, 1993 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-1656 MANUEL LAFONT-RIVERA, Plaintiff, Appellant, v. JOSE SOLER-ZAPATA, RICARDO TORRES MUNOZ, ARMANDO TROCHE, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella and Stahl, Circuit Judges, ______________ and Skinner,* Senior District Judge. _____________________ ____________________ Enrique J. Mendoza Mendez with whom Jose Enrique Mendoza Vidal __________________________ ___________________________ was on brief for appellant. Vannessa Ramirez, Assistant Solicitor General, with whom Anabelle ________________ ________ Rodriguez, Solicitor General, Department of Justice, was on brief for _________ appellees. ____________________ ____________________ _____________________ *Of the District of Massachusetts, sitting by designation. STAHL, Circuit Judge. In this appeal, plaintiff _____________ Dr. Manuel Lafont-Rivera challenges the district court's dismissal of his 42 U.S.C. 1983 complaint as time-barred. We affirm the judgment of the district court. I. I. __ BACKGROUND BACKGROUND __________ When reviewing the dismissal of a complaint, we treat all allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. See, e.g., ___ ____ Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, _______ _________________________________ 988 (1st Cir. 1992). Plaintiff, an optometrist, worked part time for the Department of Health of the Commonwealth of Puerto Rico ("DOH") from March 5, 1951, to November 30, 1971. Sometime in 1984, plaintiff allegedly received a "[C]ertificate of Service" (the "Certificate") verifying his twenty-year term of employment with DOH. Plaintiff claims that the Certificate operated as an official acknowledgment that, as of 1982, the year in which he turned fifty-eight years old, he became qualified to receive a pension. Receiving a Certificate is, however, only the beginning of the pension application process in Puerto Rico. Apparently, DOH pension applicants with Certificates next must acquire from DOH a "Form OP-15" verifying that applicant's employment has terminated. According to the -2- 2 complaint, the Retirement Office does not process individual pension applications without the Form OP-15. After receiving his Certificate, plaintiff attempted to secure a Form OP-15 from DOH. To that end, sometime in 1984, plaintiff -- through his attorney -- requested DOH to issue him a Form OP-15. Apparently, plaintiff's initial request went unheeded. The complaint does not reflect further interaction between the parties in 1984-1986. The complaint does state, however, that on January 24, 1987, defendant Armando Troche, Head of DOH's Personnel Office, communicated to plaintiff that his case "was being referred" to the DOH Legal Department. Again, more than two years passed without further communication between plaintiff and DOH. Then, on June 14, 1989, plaintiff reiterated his request that defendant Troche issue the Form OP-15. On June 26, 1989, Troche wrote a letter to plaintiff informing him that "nothing could be done" as his case "had been referred to the Legal Department six months before." Sometime in 1990, plaintiff requested for a third time that DOH issue the Form OP-15. Contemporaneously, plaintiff also petitioned defendant Dr. Jose Soler Zapata, the Secretary of Health of the Commonwealth of Puerto Rico to -3- 3 issue the Form. Apparently, defendant Soler did not respond to plaintiff's request. Sometime thereafter, plaintiff began extensive negotiations over his employment status with officials in the DOH Legal Department. After these negotiations, an official in the Legal Department went to defendant Troche and recommended that he fill out plaintiff's Form OP-15. Defendant Troche ignored this recommendation and instead referred plaintiff's case to the "Office of Central Personnel." After learning of this referral, plaintiff, on February 21, 1991, filed "an appeal" with defendant Soler again seeking his Form OP-15. Defendant Soler referred plaintiff's case to defendant Ricardo Torres Munoz, the Head of the DOH Legal Department. Defendant Munoz conferred with defendant Troche and, in May of 1991, wrote a letter to the Retirement Office certifying that plaintiff had worked with DOH for twenty years. Without the requisite Form OP-15, however, the Retirement Office would not process plaintiff's application. During the month of June 1991, plaintiff made numerous phone calls and personal visits to DOH requesting the Form OP-15. The DOH again ignored plaintiff's requests. In a letter dated July 8, 1991, plaintiff made yet another -4- 4 request for the Form OP-15. Again, the DOH turned a deaf ear to plaintiff's request. On August 2, 1991, plaintiff filed the instant lawsuit alleging that defendants' refusal to provide the Retirement Office with his Form OP-15 was, inter alia, a _____ ____ violation of rights secured him under the Fourteenth Amendment's Due Process and Equal Protection Clauses. Plaintiff sued under 42 U.S.C. 1983 seeking both damages and injunctive relief. In response, defendants filed a motion to dismiss plaintiff's complaint arguing, inter alia, _____ ____ that the complaint was barred by the applicable one-year statute of limitations. Finding that plaintiff's cause of action accrued more than a year before plaintiff filed suit, the district court agreed and dismissed the complaint. For the reasons outlined below, we affirm the district court's ruling. II. II. ___ DISCUSSION DISCUSSION __________ The parties do not dispute the applicability of Puerto Rico's one-year statute of limitations governing tort actions. See Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, ___ _______________ _____________ 353 (1st Cir. 1992); Torres v. Superintendent of Police, 893 ______ ________________________ F.2d 404, 406 (1st Cir. 1990). While state law supplies the statute of limitations in a 1983 action, federal law governs the accrual period. See, e.g., Rivera-Muriente, 959 ___ ____ _______________ -5- 5 F.2d at 353. Under federal law, a plaintiff's 1983 cause of action accrues when s/he "knows, or has reason to know, of the injury on which the action is based." Id. ___ In determining when plaintiff became aware (or should have been aware) of his alleged injury, our first task is to identify the injury of which he complains. Plaintiff's ultimate complaint is that defendants' actions are depriving him of his pension. However, as is apparent from the complaint, defendants have not officially denied him the __________ pension. Rather, they allegedly are shuttling his Form OP-15 request from department to department within the DOH, thereby preventing him from making formal application to the Retirement Office. Therefore, it appears that it is defendants' repeated failure to respond to plaintiff's ________ _______ request that DOH fill out a Form OP-15 that serves as the basis for plaintiff's claim. Thus, for statute of limitations purposes, the pivotal question becomes when plaintiff knew or should have known that defendants were not going to respond to his Form OP-15 request. The district court determined that plaintiff became aware of his injury in 1984, the year he received the Certificate indicating that he was qualified to receive a pension. The court based this determination, in part, on the fact that plaintiff knew as early as 1972 that DOH's failure to "define his status" would deprive him of pension benefits -6- 6 once he became eligible. The court therefore reasoned that, in 1984, when plaintiff's initial request went unheeded, he was (or should have been) on notice that his civil rights were being violated. We disagree with the district court's reasoning. In 1984, plaintiff was on notice that he was qualified to make an application to the Retirement Office for a pension. As a result, he made his initial request to DOH to issue him the Form OP-15. DOH did not respond to his request. Plaintiff may well have known at that point that if DOH ultimately failed to "define his status," the Retirement Office would not be able to process his pension application. It is hardly clear, however, that, in 1984, plaintiff knew (or should have known) that defendants would never officially respond to plaintiff's Form OP-15 request. Plaintiff's initial request, however, went unheeded for more than two years. In January 1987, when defendant Troche finally responded to plaintiff's initial request, he informed him that his case "was being referred to the Legal Department[.]" Reading the complaint favorably to plaintiff, we think it would not have been unreasonable for him to have concluded -- at this point -- that, although extremely slow, the bureaucratic process might eventually produce his Form OP-15. -7- 7 Another two years passed, however, as plaintiff's request apparently languished in the Legal Department. As a result, we think that when defendant Troche informed plaintiff on June 26, 1989, that "nothing could be done" as his case again had been "referred to the Legal Department[,]" plaintiff should have been on notice that defendants did not intend to act on his Form OP-15 request. Thus, any cause of action plaintiff had against defendants accrued at that point. Accordingly, we hold that, on June 26, 1989, the one-year statute of limitations began to run on plaintiff's 1983 action.1 As plaintiff waited more than two years after that date to file his complaint, his 1983 action was untimely.2 Thus, while we disagree with the district court's selection of an accrual date, we affirm its dismissal of plaintiff's complaint. Affirmed. Affirmed. _________ ____________________ 1. Plaintiff also pursues an alternative theory that his lawsuit was in reality only against defendants Soler and Munoz, whose unlawful actions, he contends, occurred within a year of his filing of the complaint. For the reasons amply articulated by the district court, see Lafont-Rivera v. ___ _____________ Soler-Zapata, No. 91-1932CCC, slip op. at 5-6 (D.P.R. April ____________ 29, 1992), we find this argument meritless. 2. Plaintiff attempts to establish timeliness by asserting that defendants have committed a "continuing violation." Plaintiff, however, failed to articulate this theory below. As such he cannot raise it for the first time on appeal. See, e.g., Clement v. United States, No. 91-1839, slip op. at ___ ____ _______ _____________ 20 (1st Cir. November 25, 1992). -8- 8