Heghmann, et al v. Town of Rye, et al CV-04-100-M   07/22/04  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Robert A. Heghmann, et al.

    v.                                             Civil No. 04-100-M
                                                Opinion No. 2004 DNH 106
Town of Rye, et al.


## REPORT AND RECOMMENDATION


Before the Court for consideration is Plaintiff Robert A. Heghmann's request for preliminary injunctive relief (document no. 12), which was referred to me for review and to prepare a report and recommendation (document no. 14). The Court held an evidentiary hearing on the motion on July 19, 2004.[1] For the reasons set forth below, the Court recommends that the request for injunctive relief be denied because the plaintiff has not demonstrated that he is likely to succeed on the merits of his claims.

---

[1] At the evidentiary hearing on this matter, the parties stipulated on the record to the authenticity of the exhibits submitted with defendants Ronald P. Indorf, Esquire, Steven M. Morrison, Esquire, and the Law Firm of Gregoire, Morrison & Indorf's Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, and for Failure to State a Claim Upon Which Relief May Be Granted. Accordingly, the Court treats those exhibits as admissible evidence and refers to them herein as "Dfs.' Ex. __."

## Standard of Review

A district court may grant a plaintiff's request for a preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if the injunction is not granted; (3) the injury to the plaintiff outweighs any harm which granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction. See Langlois v. Abington Hous. Auth., 207 F.3d 43, 47 (1st Cir. 2000); Public Serv. Co. of N.H. v. Patch, 167 F.3d 15, 25 (1st Cir. 1998). A party seeking injunctive relief must independently satisfy each of the four factors. See Auburn News Co., Inc. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981).

## Background

On or about August 1, 2002, Robert and Beatrice Heghmann (the "Heghmanns") entered into a Lease Agreement with Purchase Option with defendant Djamel Hafiani for a residential property in Rye, New Hampshire. On February 6, 2003, defendant Hafiani filed a Landlord and Tenant Writ against the Heghmanns in Portsmouth District Court based on the Heghmanns' failure to pay

rent.  Dfs.' Ex. 1.  On March 3, 2003, after a hearing, the Portsmouth District Court found that the Heghmanns were in arrears of rent for the months of January, February and March 2003 in the amount of $5,700.  Dfs.' Ex. 2.  The Heghmanns were ordered to pay the amount owed no later than 5 p.m. on March 15, 2003 or a writ of possession would issue on March 17, 2003 without the need for a further hearing.  Id.

On March 13, 2003, Mr. Heghmann filed a voluntary petition for bankruptcy under Chapter 13.  Notwithstanding the filing of the bankruptcy petition, the Portsmouth District Court issued a notice on March 17, 2003 indicating that the court's March 3, 2003 order was final and that a writ of possession was issued. Dfs.' Ex. 3.

On May 19, 2003, Mr. Heghmann filed a "Motion to Quash Writ of Possession" in the Portsmouth District Court.  Dfs' Ex. 5. Mr. Heghmann alleged that defendant Hafiani was apparently unaware of Mr. Heghmann's bankruptcy petition when he obtained the writ of possession.  Id.[2]  Mr. Heghmann argued that the

_____

[2]Mr. Heghmann further alleged that defendant Hafiani inappropriately requested that a New Hampshire State Police Officer execute the writ of possession on March 19, 2003 after being shown a date stamped copy of the bankruptcy petition. Dfs.' Ex. 5.  After conferring with his superiors, the officer declined to execute the writ.  Id.

3

automatic stay in bankruptcy rendered the March 17, 2003 writ of possession void, and he requested that the Portsmouth District Court so find. Id.

On May 21, 2003, Mr. Heghmann's Chapter 13 petition was dismissed by the United States Bankruptcy Court. Dfs. Ex. 4. Mr. Heghmann did not oppose the Bankruptcy Trustee's motion to dismiss the voluntary petition. See Compl., ¶ 30.

On May 22, 2003, Mr. and Mrs. Heghmann filed a four-count complaint in this federal district court against defendant Hafiani. See Heghmann v. Hafiani, Civ. No. 03-219-JD.[3] The Heghmanns asserted claims against defendant Hafiani based on his alleged denial of their right to due process in the state court, violation of the automatic stay for requesting that a New Hampshire State Police execute the March 17, 2003 writ of possession, and breach of contract.

In an endorsed order dated May 23, 2003, the Portsmouth District Court denied Mr. Heghmann's motion to quash. Dfs.' Ex. 5. The court found that Mr. Heghmann's bankruptcy case was dismissed on May 21, 2003, and that "writ shall issue." Id. The

---

[3]A copy of the complaint is attached as Exhibit 4 to plaintiffs' Memorandum in Opposition to the Combined Defendants' Motions to Dismiss (document no. 25).

4

Rockingham County Sheriff's Department served the Heghmanns with a Notice of Eviction that same day. Pl. Opp. to Dfs.' Mot. to Dismiss at 6. The Heghmann's were given until 7:00 p.m. on May 24, 2003 to vacate the premises. Id. Mr. Heghmann tried to convince defendant Kevin Walsh of the Rye Police to stop the eviction on May 24, 2003, but he refused. Id. The Heghmanns vacated the property later that day. Id.

On May 28, 2003, the federal district court (DiClerico J.) issued an order sua sponte dismissing the Heghmanns' complaint.[4] The court found that it lacked subject matter jurisdiction over the Heghmanns' claims. The court found that the Heghmanns due process challenges to the state court proceedings in Counts I and II of the Complaint were barred under the Rooker-Feldman doctrine. The court further found that the Heghmann's failed to state a claim against defendant Hafiani under 42 U.S.C. § 1983 because Hafiani is not a state actor.

Similarly, the court found that it lacked jurisdiction to consider Count III, which alleged that defendant Hafiani violated the automatic stay that arose from Mr. Heghmann's Chapter 13

---

[4]A copy of the court's order is attached as Exhibit 5 to plaintiffs' Memorandum in Opposition to the Combined Defendants' Motions to Dismiss.

bankruptcy petition, because that issue should have been raised in the bankruptcy proceeding. The court further found that:

> To the extent that the Heghmanns are attempting to appeal the bankruptcy court's decision to dismiss their petition, they have not followed the proper procedures under the Bankruptcy Rules. To the extent the Heghmanns seek a stay of an order of the bankruptcy court, that must be directed to that court. See Bankr. R. 8005.

After dismissing the Heghmanns' federal claims, the court declined to exercise supplemental jurisdiction over their breach of contract claim. No appeal was taken from the court's May 28, 2003 Order.

On June 2, 2003, Mr. Heghmann filed motions in the United States Bankruptcy Court to set aside the dismissal of his petition, and for contempt against defendant Hafiani and Mr. Hafiani's then attorney, defendant Ronald P. Indorf. Dfs.' Ex. 8-9. Mr. Heghmann argued that defendants Hafiani and Indorf intentionally violated the automatic stay by seeking to enforce the writ of possession issued on March 17, 2003, and by seeking a new writ of possession after Mr. Heghmann's bankruptcy case was dismissed based on the Portsmouth District Court's March 3, 2003 order. Dfs.' Ex. 9. Mr. Heghmann further argued that defendants Hafiani and Indorf were continuing to violate the automatic stay

6

by failing to take any action to correct or mitigate Mr. Heghmann's damages.  Id.

On June 3, 2003, the bankruptcy court issued orders denying Mr. Heghmann's motion to set aside the dismissal of the petition, and denying Mr. Heghmann's motion for contempt.  Dfs.' Ex. 10-11. Since the motion to set aside the dismissal was filed more than ten days after the court's order, the court treated the motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Dfs.' Ex. 10.  The court found that Mr. Heghmann failed to allege facts demonstrating any of the typical grounds for relief from judgment under that rule.  Id.  In a separate order, the court found that since Mr. Heghmann's motion for contempt was filed after his bankruptcy case had been dismissed the motion was moot. Dfs.' Ex. 11.  Mr. Heghmann did not appeal either of those orders.

On June 19, 2003, Mrs. Heghmann filed a voluntary petition for bankruptcy under Chapter 13.  Dfs.' Ex. 13.  On June 23, 2003, Mr. Heghmann filed a motion for contempt in the bankruptcy court on behalf of Mrs. Heghmann alleging that defendant Hafiani and Indorf willfully violated the automatic stay.  Dfs.' Ex. 14. Mr. Heghmann amplified the allegations that he made in the motion

7

for contempt filed in his own bankruptcy case, and added to those allegations the contention that defendant Indorf did not honor the automatic stay that arose as the result of Mrs. Heghmann's bankruptcy petition, and refused to permit the Heghmanns' to re-enter the premises.  Id.

In an order dated August 19, 2003, the bankruptcy court decided motions filed on behalf of Mrs. Heghmann entitled "Motion for Order Implementing Automatic Stay" and "Motion for Contempt." Dfs' Ex. 15.  The court found that the first motion sought an order "allowing her to return to her previous residence and that her possessions be returned to her" by defendant Hafiani.  Id. The court found that while the second motion was entitled "contempt," it alleged a violation of the automatic stay under § 362(h) of the bankruptcy code against defendants Hafiani and Indorf.  Id.

The bankruptcy court indicated in its August 19th Order that it had informed the parties at the hearing that it was only interested in alleged stay violations that occurred after the filing of Mrs. Heghmann's bankruptcy case on June 19, 2003.  See August 19th Order at 2.  Mr. Heghmann testified at that hearing. Id.  Among the findings that the bankruptcy court made in its

8

order were the following:

> 1.   An alleged violation of the automatic stay may not be prosecuted in a subsequent bankruptcy case.
>
> 2.   The debtors in the two cases were different.
>
> 3.   The ten day stay provided in Bankruptcy Rule 7062 is not applicable to an order dismissing the case.  See Fed. R. Bankr. P. 9014, which provides that Bankruptcy Rule 7062 is not applicable to a contested matter.  Thus, this eviction was in place prior to the filing of the instant petition and is not subject to challenge in this proceeding.

Id.  The court found that Mrs. Heghmann's Chapter 13 petition extended the statutory period during which defendant Hafiani had to preserve the Heghmanns' property as property of the bankruptcy estate.  Id. at 3.  Defendant Hafiani was found to have violated the automatic stay by selling the debtor's personal property that had not been retrieved at yard sales on July 12 and July 19, 2003.[5]  Id.  Although Mrs. Heghmann sought punitive damages in the amount of $125,000 for herself and $125,000 for Mr. Heghmann, the court ordered only that defendant Hafiani pay the $1,200 that he testified that he obtained from the yard sales as actual damages to the Chapter 13 trustee, subject to the debtor's right to claim exemptions in those proceeds.  Id.  The court found that

_____

[5]The court found that defendant Indorf had not violated stay as he did not take the actions against the property of the estate.  August 19th Order at 3.

9

cause did not exist to impose punitive damages against defendant Hafiani. Id. at 3.

On August 28, 2003, Mr. Heghmann filed a notice of appeal of the bankruptcy court's August 19, 2003 order on behalf of Mrs. Heghmann to the United States Bankruptcy Appellate Panel for the First Circuit. See Dfs.' Ex. 13 (entry no. 52). Mrs. Heghmann's bankruptcy case was dismissed on September 10, 2003 based on failure to prosecute. Dfs.' Ex. 17. That order has also been appealed. On May 13, 2004, Mr. Heghmann filed an Amended Statement of Issues on Appeal to the Bankruptcy Appellate Panel listing the following eight issues to be decided:

> 1. Did the Court err in refusing to allow the Petitioner to present evidence of stay violations that occurred before the instant case was filed on June 19, 2003?
>
> 2. Did the Court err in not cancelling the debt due Landlord Hafiani in light of his violations of the Automatic Stay?
>
> 3. Did the Court err in denying the Petitioner's Motion for Contempt against Attorney Ronald Indorf and Djamel Hafiani based upon violations of the Automatic Stay provisions of 11 U.S.C. Sec. 362(a) and 11 U.S.C. Sec. 1301(a).
>
> 4. Did the Court err in denying the Petitioner's Motion for Order Implementing the Automatic Stay directed against Attorney Ronald Indorf and Djamel Hafiani?

10

5.    Did the Court err in converting <u>sua</u> <u>sponte</u> the Petitioner's Motion for Contempt under 11 U.S.C. Sec. 150 into a Motion for Compensatory and Punitive Damages under 11 U.S.C. Sec. 362(h)?

6.    Did the Court err in ruling that the ten day stay provided under Rule 7062 is not applicable to an order dismissing the case?

7.    Did the Court abuse its discretion in allowing the Petitioner only 14 days after the August 19, 2003 Hearing to submit the required Schedules instead of the 45 days the Petitioner requested at the Hearing?

8.    Did the Court err in dismissing the case after the Notice of Appeal was filed and while this appeal was pending.

Dfs.' Ex. 18.

The plaintiffs' complaint in the instant action was filed on March 18, 2004 (document no. 3).  Listed as plaintiffs are Mr. Heghmann, individually, and as parent and guardian of Robert E. Heghmann and Victoria Anne Heghmann, the Heghmanns' minor children.[6]  The defendants named in this action are the Town of Rye, Earl Rinker, Alan Gould, Kevin Walsh, Priscilla V. Jenness, Joseph G. Mills, John W. Moynahan (collectively "Town of Rye

---

[6]Mr. Heghmann appears in this action <u>pro</u> <u>se</u>.  He has represented in another federal court case that he is an attorney admitted to practice before the federal district courts in New York and Connecticut, the federal Court of Appeals for the Second Circuit and the United States Supreme Court.  <u>See</u> <u>Heghmann v.</u> <u>Fermanian</u>, No. 99-336-PH, 2000 WL 1742122 at *1 n.1. (D. Me. Nov. 27, 2000) (motion for sanctions).

11

Defendants"), Djamel Hafiani, Ronald P. Indorf, Stephen M. Morrison, The Law Firm of Gregoire, Morrison & Indorf and Judge Susan De Vries.

Mr. Heghmann filed a motion for a preliminary injunction (document no. 12) against the Town of Rye Defendants, and against defendants Indorf, Morrison, and the law firm of Gregoire, Morrison & Indorf seeking to enjoin further violations of the automatic stay provisions of 11 U.S.C. § 362(a) and 11 U.S.C. § 1301. Mr. Heghmann further requests an order requiring the defendants "to take immediate steps to undue the damage they have done by their past violations of the automatic stay."

### Discussion

In this federal circuit, the sine qua non of preliminary injunction analysis is whether the plaintiff is able to demonstrate a likelihood of success on the merits. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "In the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim relief." Id. In the instant case, I find that the plaintiff has not demonstrated that he is likely to succeed on the merits of any of his claims.

12

I.  Claims Based on Alleged Violations of the Automatic Stay

Counts I (¶¶ 70-75), II (¶¶ 76-80), and VI-M (¶¶ 98-103) of the Complaint are all based upon the defendants' alleged violations of the automatic stay that arose upon the filing of Mr. Heghmann's Chapter 13 bankruptcy petition under 11 U.S.C. § 362(a).  Defendants argue that the plaintiff's request for injunctive relief must be denied because the federal district court lacks subject matter jurisdiction to hear claims for violations of the automatic stay.  In the alternative, the defendants argue that the plaintiff cannot demonstrate a likelihood of succeed on the merits because the automatic stay was immediately lifted after the dismissal of Mr. Heghmann's bankruptcy case on May 21, 2003.  Therefore, Defendants argue, the automatic stay arising in Mr. Heghmann's bankruptcy case did not apply to any of the defendants' acts complained of herein.

A.  Subject Matter Jurisdiction

The plaintiff has the burden to establish and prove that the district court has subject matter jurisdiction to decide his claim.  Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  Defendants argue that this court lacks subject matter jurisdiction over plaintiff's claims arising under 11 U.S.C. §

13

362(h) for willful violation of the automatic stay because all such claims must be brought in the bankruptcy court. The weight of the authority supports the defendants' argument. See Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d Cir. 2001) (holding that claims under 11 U.S.C. § 362(h) "must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases."); Davis v. Courington (In re Davis), 177 B.R. 907, 912 (B.A.P., 9th Cir. 1995) (finding that the bankruptcy court has subject matter jurisdiction over all claims alleging willful violation of the automatic stay); Halas v. Platek, 239 B.R. 784, 792 (N.D. Ill. 1999) (finding that a request for sanctions under § 362(h) is within the exclusive jurisdiction of the bankruptcy court); see also, MSR Exploration, LTD v. Meridian Oil, Inc., 74 F.3d 910, 916 (9th Cir. 1996) (finding that the district court lacked subject matter jurisdiction to hear the plaintiff's malicious prosecution claim based on creditors' disallowed claims filed in the plaintiff's bankruptcy proceeding). The order of this court in the previous case brought by the Heghmanns is in accord. See Heghmann v. Hafiani, Civ. No. 03-219-JD, slip. op. at 2 (D.N.H. May 28, 2003) (finding

14

that a claim based on violation of the automatic stay should have been raised in the plaintiff's bankruptcy proceeding). The Court of Appeals for the First Circuit has not addressed this issue.

Although Mr. Heghmann has cited some contrary authority, the Court finds those cases unpersuasive. See Martin-Trigona v. Champion Fed'l Sav. & Loan Assoc., 892 F.2d 575, 577 (7th Cir. 1989) (suggesting, but not deciding, that a suit to enforce one's rights under § 362(h) should have been brought in the bankruptcy court); Pettitt v. Baker, 876 F.2d 456, 458 (5th Cir. 1989) (holding that a private cause of action for violation of § 362(h) exists, but expressing no opinion regarding whether the federal district court is the proper forum for such claims). The clearest support for Mr. Heghmann's argument is the Seventh Circuit's decision in Price v. Rochford, 947 F.2d 829 (7th Cir. 1991). In Rochford, the court found that § 362(h) creates a cause of action that can be enforced in the district court after bankruptcy proceedings have terminated. Id. at 830-832. That court noted, however, "[a] claim for damages under section 362(h) should probably have been referred to the bankruptcy court under the district court's local rules" and that none of the parties had challenged the propriety of bringing the case in the district

15

court. Id. at 832 n.1. The United States District Court for the District of New Hampshire has a similar rule. See LR 77.4 (the court refers all cases and proceedings in bankruptcy to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and the court's standing order of January 18, 1994).

Although this Court is not making a final determination of the subject matter jurisdiction issue, the Court finds that Mr. Heghmann has not demonstrated that he can meet his burden of establishing that this court has subject matter jurisdiction to hear his claims for violation of the automatic stay in bankruptcy. Therefore, the Court finds that Mr. Heghmann is not likely to succeed on the merits of his claims.

B.    Prior Adverse Determinations Against Mr. Heghmann

Assuming for the sake of argument that Mr. Heghmann is correct in his assertion that this court has subject matter jurisdiction to hear his claims based on violation of the automatic stay, the Court still finds that he has not demonstrated that he is likely to succeed on the merits. Mr. Heghmann has already presented the claims asserted in this action to the bankruptcy court to no avail and he did not appeal that court's orders.

16

In Mr. and Mrs. Heghmann previously filed action in this district court, they sought, among other things, damages from defendant Hafiani for alleged violation of the automatic stay. See Heghmann v. Hafiani, Civ. No. 03-219-JD, slip. op. (D.N.H. May 28, 2003). The court found that the plaintiffs should have brought their claim for violation of the automatic stay in the bankruptcy proceedings. The Heghmanns did not appeal that order. Rather, on June 2, 2003, Mr. Heghmann returned to the bankruptcy court and requested relief for violations of the same automatic stay alleged to exist in this action. Mr. Heghmann argued in a motion for contempt that defendants Hafiani and Indorf intentionally violated the automatic stay by seeking to enforce the writ of possession issued on March 17, 2003, and by seeking a new writ of possession after Mr. Heghmann's bankruptcy case was dismissed based on the Portsmouth District Court's March 3, 2003 order. Dfs.' Ex. 9. Mr. Heghmann further argued that defendants Hafiani and Indorf were continuing to violate the automatic stay by failing to take any action to correct or mitigate Mr. Heghmann's damages. Id.

What is most significant for purposes of the instant motion for a preliminary injunction is that Mr. Heghmann has previously

17

made the argument that the automatic stay in his case was still in effect after his bankruptcy case was dismissed. The bankruptcy court considered that argument and denied Mr. Heghmann's motion for contempt as moot. Dfs.' Ex. 11. Plaintiff did not appeal the bankruptcy court's decision. The bankruptcy court rejected Mr. Heghmann's argument a second time when it ruled in Mrs. Heghmann's case that the ten day stay provided in Bankruptcy Rule 7062 is not applicable to an order dismissing the case. See Dfs.' Ex. 15. Accordingly, the court found that there was no automatic stay in effect in Mr. Heghmann's case when the Heghmanns were evicted or anytime thereafter. Id.

Mr. Heghmann has not cited any authority showing that he is entitled to seek relief denied him by the bankruptcy court in a collateral attack in the district court.[7] Accordingly, I find that plaintiff is unlikely to succeed on the merits of claims based on alleged violations of the automatic stay.

C.    Immediate Lifting of the Automatic Stay

Even if this court were the appropriate forum for Mr.

---

[7]Although the plaintiffs have named a host of new defendants in this instant action, Mr. Heghmann's claims arise from the same purported automatic stay. As the bankruptcy court found that no automatic stay was in effect after the dismissal of his bankruptcy case, the addition of new defendants in this action should not change the result.

Heghmann to assert his claims for alleged violations of the automatic stay, and Mr. Heghmann's argument had not already been rejected by the bankruptcy court, the Court would still find that Mr. Heghmann is unlikely to succeed on the merits of his claims based on alleged violations of the automatic stay. The First Circuit has found on more than one occasion that the automatic stay is immediately lifted upon the dismissal of a bankruptcy petition. See In re Steenstra, 307 B.R. 732, 738 (B.A.P., 1st Cir. 2004) (finding that dismissal of a bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay); In re De Jesus Saez, 721 F.2d 848, finding that dismissal of a Chapter 13 bankruptcy petition results in the immediate lifting of the automatic stay); see also, Fish Mkt. Nominee Corp. v. Pelofsky, 72 F.3d 4, 6 (1st Cir. 1995) (finding that Fed. R. Civ. P. 62(a) did not make a judgment dismissing a chapter 11 case ineffective for 10 days after entry, and that state court proceedings to foreclose a right of redemption was not "enforcement" of a judgment dismissing a chapter 11 case). Accordingly, Mr. Heghmann is unlikely to succeed in demonstrating that the automatic stay in his case was in effect at the time that the Portsmouth District Court issued

19

the May 23, 2003 writ of possession, or anytime thereafter. Therefore, the Court finds that Mr. Heghmann is unlikely to succeed on the merits of his claims.

## II. Claims Based on Alleged Constitutional Violations

Plaintiffs allege in Count III (¶¶ 81-85) and IV (¶¶ 86-94) that their rights under the United States Constitution were violated in that they were denied due process and equal protection of the laws in the Portsmouth District Court and because the Portsmouth District Court Judge De Vries and defendant Indorf, an attorney, violated their oaths to support the Constitution. To the extent that the plaintiffs are entitled to any relief based on these claims, their remedies lie in the state courts. This Court is precluded "from entertaining a proceeding to reverse or modify a state judgment or decree to which the assailant was a party." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).

## III. Claim Based on Alleged Violation of NH RSA 540-A:3 VII

In Count V (¶¶ 95-97), plaintiffs allege that defendants Hafiani and Indorf violated NH RSA 540-A:3 VII, which required the defendants to protect the property that the Heghmann family left in Hafiani's house for 28 days. As plaintiffs allege in the

20

complaint, this issue was already raised in the bankruptcy court before Judge Vaughn.  Judge Vaughn ruled that the filing of Mrs. Heghmann's Chapter 13 bankruptcy petition extended the statutory period of protection and that defendant Hafiani, but not defendant Indorf, violated the statute and the automatic stay. See Dfs.' Ex. 15.  Judge Vaughn ordered that defendant Hafiani pay $1,200 to the bankruptcy estate subject to any exemptions that might be claimed by the debtor.  Id.  Accordingly, plaintiffs have already been granted relief on the claim raised in Count V.  To the extent that the plaintiffs seek relief denied them by the bankruptcy court they have not followed the proper procedure under the Bankruptcy Rules for appealing that decision. See Heghmann v. Hafiani, Civ. No. 03-219-JD, slip. op. at 2 (D.N.H. May 28, 2003).  Therefore, I find that the plaintiffs are not likely to succeed on the merits of their claim.

Since the plaintiffs have not demonstrated that they are likely to succeed on the merits on any of their claims, the Court does not consider the other preliminary injunction factors.

21

## Conclusion

For the reasons set forth above, I find that Mr. Heghmann has not demonstrated that he is entitled to injunctive relief. I recommend that the motion for a preliminary injunction (document no. 12) be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: July 22, 2004

cc:  Robert A. Heghmann, pro se
     Charles P. Bauer, Esq.
     Djamel Hafiani, Esq.
     William C. Saturley, Esq.

22