[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12650

Non-Argument Calendar

_____

ROBERT A. HEGHMANN,
BEATRICE M. HEGHMANN,

                                                    Plaintiffs-Appellants,

*versus*

DJAMEL HAFIANI,
MARY HAFIANI,
MIRIAM HAFIANI,
JAMEL JOSEPH HAFIANI,
JULIA SARAH HAFIANI,
THE TOWN OF RYE, N.H., et al.,

2                    Opinion of the Court                    21-12650

Defendants-Appellees,

THE HAFIANI FAMILY TRUST, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00670-BJD-JBT

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

In 2020, Robert and Beatrice Heghmann ("the Heghmanns") filed a civil action against the Hafiani family, the Town of Rye, New Hampshire, and John Does and Mary Roes 1 through 6,000, who were unknown residents of the Town of Rye ("the Residents"). The Heghmanns alleged that in 2003, these defendants violated automatic stays from Robert and Beatrice's individual bankruptcy proceedings. The Heghmanns sought a declaratory judgment that the defendants violated the automatic stays, an award of compensatory and punitive damages, and attorney's fees and costs. The district court granted the Hafiani defendants' motions to dismiss on the grounds that the Heghmanns failed to state a claim

against Miriam Hafiani, and that the Heghmanns' claim against the other Hafianis was barred by *res judicata*. The district court also granted the Town of Rye's motion to dismiss for lack of personal jurisdiction. On appeal, the Heghmanns argue that the district court erred in dismissing their action for various reasons. After review, we affirm.

## I.    Background

According to the Heghmanns' complaint, in late 2002, they rented a house in the Town of Rye, New Hampshire, from Djamel Hafiani. In January 2003, the Heghmanns fell behind on their rental payments. Djamel initiated an action in landlord tenant court, and a New Hampshire court ordered the Heghmanns to pay the past due rent, no later than March 3, 2003, and, if they did not do so, then a writ of possession would issue on March 17, 2003.

The Heghmanns did not pay the past due rent. Instead, on March 13, 2003, Robert Heghmann filed a Chapter 13 bankruptcy petition, which triggered an automatic stay.[1] Robert Heghmann then informed Djamel's counsel of the bankruptcy filing. However, no one notified the New Hampshire state court of the

---

[1] Upon the filing of a bankruptcy petition, "all legal or equitable interests of the debtor in property" as of the filing of the petition become part of the bankruptcy estate, with certain exceptions not applicable here. *See* 11 U.S.C. § 541. And actions against a debtor or property of the bankruptcy estate become subject to an automatic stay when the bankruptcy petition is filed. *Id.* § 362.

bankruptcy filing, and it issued a writ of possession. Nevertheless, the Town of Rye Sheriff's Office delayed enforcement of the writ after being informed of the bankruptcy proceedings.

Robert Heghmann's bankruptcy proceeding was dismissed on May 21, 2003. Djamel Hafiani advised the New Hampshire court that the bankruptcy proceeding had been dismissed, and the court reissued a writ of possession based on its prior March 3, 2003 order. Based on the writ of possession, the Sheriff's Office issued a notice of eviction, which gave the Heghmanns 24 hours to vacate the residence. Robert Heghmann informed the Rye police executing the writ that the eviction was in violation of the automatic stay and was illegal, but he was ignored. The Heghmanns vacated the residence and took what belongings they could, but they had to leave a number of their possessions behind.

Robert Heghmann then filed a motion to set aside the bankruptcy dismissal and a motion for contempt against Djamel and his counsel for alleged violations of the automatic stay in the bankruptcy court. *Heghmann v. Town of Rye*, No. 04-100-SM, 2005 WL 637928, *2 (D.N.H. March 18, 2005). The bankruptcy court denied both motions, and Heghmann did not appeal. *Id.*

Meanwhile, Beatrice Heghmann filed a petition for Chapter 13 bankruptcy, which triggered another automatic stay. However, despite her pending bankruptcy petition, after retaking possession of the residence, Djamel and his then minor children, Miriam, Jamal, and Julia sold a great deal of the Heghmanns belongings at yard sales to unknown residents of the Town of Rye. As a result,

Beatrice Heghmann filed motions for implementation of the automatic stay—allowing her to return the residence and requiring Djamel to return their possessions—and a motion for contempt seeking compensatory and punitive damages for Djamel's violations of the automatic stay in Robert's case and in her case. See In re Heghmann, 316 B.R. 395, 399 (B.A.P. 1st Cir. 2004).

The bankruptcy court refused to consider Beatrice's arguments related to the alleged violations of the automatic stay in her husband's prior bankruptcy proceeding, explaining that such violations "may not be prosecuted in a subsequent bankruptcy case." Id. at 399 n.4. However, it determined that Djamel violated the automatic stay in Beatrice's bankruptcy proceedings when he sold the Heghmanns' belongings at the yard sales. Id. at 399–400. It ordered Djamel to pay $1,200 in actual damages for the sale of the Heghmanns' property. Id. at 400, 405. It declined to award punitive damages. Id. at 406. A Bankruptcy Appellate Panel of the First Circuit affirmed on appeal.[2] Id. at 401–406. Notably, the Bankruptcy Appellate Panel rejected on the merits Beatrice's claims concerning the violation of the automatic stay in Robert's case, explaining that "the writ of possession and subsequent eviction did not violate the automatic stay as no stay was in place

[2] The judicial council of each circuit is authorized to establish a bankruptcy appellate panel composed of "bankruptcy judges of the districts in the circuit who are appointed by the judicial council" to hear appeals from the bankruptcy court. 28 U.S.C. § 158(b)(1). The First Circuit has established such a panel.

at that time—Robert Heghmann's case had been dismissed and Beatrice Heghmann's case had not yet been filed." *Id.* at 401.

Thereafter, in March 2004, Robert Heghmann filed a complaint in the United States District Court for New Hampshire against Djamel Hafiani, the Town of Rye, and various others, alleging that the defendants violated the automatic stay in his bankruptcy proceedings when they (i) sought to enforce the writ of possession issued in March 2003, (ii) obtained a new writ of possession after his bankruptcy case was dismissed, and then (iii) enforced said writ. *Heghmann v. Town of Rye*, 326 F. Supp. 2d 227, 232 (D.N.H. 2004). He also sought "an order requiring the defendants 'to take immediate steps to undue [sic] the damage they have done by their past violations of the automatic stay.'" *Id.* The district court concluded that it lacked subject matter jurisdiction to hear claims involving alleged violations of the automatic stay. *Heghmann v. Town of Rye*, No. 04-100-SM, 2004 WL 2526417, at *4, 6 (D.N.H. Nov. 8, 2004). Rather, "the proper forum in which to advance claims involving alleged violations of the automatic stay [was in] the bankruptcy court."[3] *Id.* at *6.

---

[3] The district court also noted that:

> Mr. Heghmann is an attorney, admitted to practice before the federal district courts in New York and Connecticut, the Court of Appeals for the Second Circuit, and the United States Supreme Court. *Heghmann v. Fermanian*, 2000 WL 1742122 at * 1, n. 1 (D.Me. Nov.27, 2000). He is no stranger to pro se litigation, at least some of which has been meritless. *See id.* at

Almost two decades later, in June 2020, the Heghmanns filed the underlying *pro se* complaint in the Middle District of Florida against Djamel Hafiani, his ex-wife Mary, and their now-adult children Miriam, Jamal, and Julia,[4] as well as the Town of Rye, New Hampshire, and its residents for alleged violations of the 2003 automatic stay in both of the Heghmanns' bankruptcy proceedings.[5]   Specifically, the Heghmanns alleged that Djamel Hafiani violated the automatic stay in Robert Heghmann's bankruptcy proceeding when he (1) failed to advise the New

---

[4] (awarding sanctions against Heghmann and concluding that his "claims in this action were without merit from the beginning and would have been perceived as such by any objectively reasonable attorney.").   Nor is this the first time that litigation has flowed from Heghmann's failure to honor rent and/or mortgage obligations. *See Connecticut Sav. Bank v. Heghmann*, 193 Conn. 157, 474 A.2d 790 (1984).

*Heghmann v. Town of Rye*, No. 04-100-SM, 2004 WL 2526417, at *1 n.1 (D.N.H. 2004).   Because Robert Heghmann is a licensed attorney, his pleadings are not entitled to the liberal construction normally afforded *pro se* litigants. *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

[4] The Hafianis now live in Florida.

[5] The Heghmanns explain in their brief before this Court that for eighteen years, they

> have been searching for a District Court where not only does the Circuit Court permit the exercise of subject matter jurisdiction in cases involving violations of the Automatic Stay but more importantly where state law procedures permit the exercise of *quasi in rem* garnishment of the New Hampshire defendants' property without an onerous cash bond.

Hampshire court in March 2003 of the filing of Robert's bankruptcy petition; (2) obtained a writ of possession; (3) attempted, albeit unsuccessfully, to have the Sheriff's Office execute the writ; and (4) improperly obtained a new writ of possession following the dismissal of Robert's bankruptcy proceedings (Counts 1–4). They alleged that Djamel, the Town of Rye, and its residents violated the automatic stay in Robert Heghmann's bankruptcy case when the sheriff's office executed the void writ of possession and evicted the Heghmanns (Count 5). Further, they alleged the Town of Rye and its residents violated the automatic stay in Robert's bankruptcy proceeding when the town failed to have a procedure in place for all municipal officers to follow when a claim is made that the officers' actions violate an automatic stay (Count 6).

Next, the Heghmanns alleged that Djamel, his ex-wife Mary, and their children violated the automatic stay in Beatrice Heghmann's bankruptcy proceeding when they improperly seized the Heghmanns' property left at the residence (Count 7). They also alleged that the Hafiani family violated the automatic stay in Beatrice's bankruptcy proceeding when they sold the Heghmanns' property at yard sales, and the residents of the Town of Rye violated the stay when they bought the property at the yard sales (Count 8). Finally, the Heghmanns alleged that because the bankruptcy court found that the yard sales violated the stay, it triggered a duty on the defendants to undo the damage and restore the Heghmanns to "the *status quo*" prior to the violation. Thus, they claimed that the Hafianis and the Town of Rye and its

residents violated the automatic stay—and continue to do so—because they have taken no action to fulfill this duty (Count 9).

Miriam Hafiani moved to dismiss the complaint for failure to state a claim. She asserted that the Heghmanns failed to allege how she can be subject to a claim when she was a minor of 14 years old at the time of the actions at issue. Additionally, she alleged that the Heghmanns had failed to include any allegations linking her to the lease, the bankruptcy orders, or the automatic stays. In response, the Heghmanns argued that they were not suing for a violation of the automatic stay that happened when she was a minor in 2003, but rather, they were suing her for a continuing violation because she had a duty to undo the damages caused by the violation and continued to take no action to do so.

Djamel, Julia, Mary, and Jamal also moved to dismiss.[6] They argued, in relevant part, that the claims should be dismissed for lack of subject matter jurisdiction and for failure to state a claim because the Heghmanns' claims were barred by *res judicata*. In response, the Heghmanns argued that, under Eleventh Circuit precedent, the district court had subject matter jurisdiction over the claims. They also argued that *res judicata* did not apply because they were seeking damages for the ongoing violation of the automatic stay based on the bankruptcy court's findings that Djamel—and by extension his family members—violated the

---

[6] The Hafianis attached numerous records from the bankruptcy proceedings and prior district court proceedings to the motion to dismiss.

automatic stay when he sold the Heghmanns' belongings, but the Hafianis continued to take no action to undo the damage.[7]

Finally, the Town of Rye moved to dismiss, arguing that the district court lacked personal jurisdiction over it. It argued that all of the complained of actions took place in New Hampshire and the Heghmanns failed to allege any facts connecting it with Florida. It also argued that exercising jurisdiction would not comport with "traditional notions of fair play and substantial justice" because of the cost to Rye of litigating in Florida, the apparent forum-shopping of the Heghmanns, the lack of any nexus between the actual events and the State of Florida, and the fact that the Heghmanns had access to effective relief in New Hampshire. In response, the Heghmanns argued that they were not seeking to exercise *in personam* jurisdiction over the Town of Rye and its residents. Rather, they were seeking *quasi in rem* jurisdiction over the Town of Rye and its residents.

---

[7] The Heghmanns asserted that the bankruptcy court's award of $1,200 in actual damages and denial of punitive damages for the violation of the automatic stay did not have preclusive effect because when Djamel and his family violated the stay they effectively committed the common law torts of conversion and intentional infliction of mental and emotional distress, entitling the Heghmanns to damages—issues which a bankruptcy Article I judge is without authority to decide.

After concluding that it had subject matter jurisdiction,[8] the district court granted all three motions to dismiss.  First, the district court concluded that the Heghmanns failed to state a plausible claim against Miriam Hafiani because they did not allege that she knew of the stay and intentionally violated it—and without such allegations, the district court could not "even consider the additional layer of allegations that [she] continued to violate the automatic stay for failing to 'undo' damage allegedly caused by the violation of the automatic stay."    Second, the district court concluded that the claims against Djamel were barred by *res judicata*.

As to the remaining claims against Mary, Jamal, and Julia Hafiani (Counts 7–9), the district court found that these claims were due to be dismissed because (1) the Heghmanns made no specific allegations that Mary, Jamel, or Julia knew of the automatic stay and intentionally violated it, (2) *res judicata* barred these claims because they could have been brought in prior litigation,

---

[8] The district court concluded that it had subject matter jurisdiction over claims for violation of an automatic stay. *See Just. Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (holding that "the explicit . . . grant of original jurisdiction" in 28 U.S.C. § 1334 over cases arising under Title 11 "clearly forecloses a conclusion that the district court lacked subject matter jurisdiction" over claims for damages caused by a violation of the automatic stay in a bankruptcy proceeding).  Accordingly, we have subject matter jurisdiction to hear this appeal as well. *Id.*

and (3) the pleading was deficient because it failed to afford those defendants notice of the specific allegations against them.[9]

Finally, the district court dismissed the claims against the Town of Rye and its residents because it lacked in personam jurisdiction under Florida's long-arm statute and exercising jurisdiction would offend the traditional notions of fair play and justice.  The Heghmanns timely appealed.

## II.    Discussion

### A.  *Whether the district court erred in dismissing the claims against the Hafianis*

The Heghmanns argue that the district court erred in dismissing the claims against the Hafianis for various reasons, including that the claims were not precluded by *res judicata* and that the defendants waived any claim that the complaint failed to state a claim because it did not allege that the defendants had knowledge of the stay.  The Heghmanns maintain that the bankruptcy court's finding of a violation of the automatic stay has preclusive *res judicata* effect and triggered an ongoing duty upon Djamel and those in privity with him[10] to take actions "to restore

---

[9] The district court also noted that although there was no statute of limitations for bringing a claim for violation of an automatic stay, the 17-year delay in bringing these claims was "concern[ing]."

[10] The Heghmanns argue that Djamel's children were in privity with him because they were present during the yard sales and "had their pick" of the Heghmanns' property.  And they argue that Djamel's ex-wife, Mary, was in

the *status quo ante* the violation," and the defendants have taken no remedial action for the past 17 years.

We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

### i.    Claims against Djamel

The Heghmanns argue that the district court erred in its *res judicata* analysis as to the claims against Djamel. Additionally, they argue that the bankruptcy court did not have before it the claim for a continuing violation, as that claim did not arise until the bankruptcy court issued its judgment, and, therefore, it was not barred by *res judicata*.

We review *de novo* the district court's determination that a claim is barred by *res judicata*. *See Jang v. United Tech. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). *Res judicata* "bar[s] a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the

---

privity because she was the legal guardian of the children and "responsible for their conversion of the property." Finally, the Heghmanns maintain that the Town of Rye and its residents were in privity because but for the Town of Rye's actions (via the execution of the writ of possession), the Hafianis would not have obtained possession of the Heghmanns' property, and under New Hampshire law, the residents of a municipality "are liable for the transgressions of the town government."

merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Id.* (quotation omitted). "[I]f a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010) (quotation omitted) (alteration in original).

The district court did not err in determining that *res judicata* barred the claims against Djamel. Counts One through Five for Djamel's alleged violations of the automatic stay in Robert's case are precluded by the Bankruptcy Appellate Panel of the First Circuit's 2004 decision, which determined that "the writ of possession and subsequent eviction did not violate the automatic stay as no stay was in place at that time—Robert Heghmann's case had been dismissed and Beatrice Heghmann's case had not yet been filed." *In re Heghmann*, 316 B.R. at 401–02.

Similarly, Counts Seven and Eight for violations of the automatic stay in Beatrice's case when Djamel sold the Heghmanns' property at yard sales are also precluded by the same decision because the Bankruptcy Appellate Panel affirmed the bankruptcy court's order for Djamel to pay $1,200 in actual

21-12650                Opinion of the Court                15

damages for violating the automatic stay in Beatrice's case.[11]  *See id.* at 404–06.

Finally, Count Nine is precluded because they could have alleged a continuing violation in Beatrice's bankruptcy proceeding through the filing of a contempt action in the past 17 years, but they did not.[12]  *See Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1377 (11th Cir. 2011) (explaining that "*[r]es judicata* acts as a bar not only to the precise legal theory presented in the previous

---

[11] The Heghmanns' argument that their claims in the underlying complaint were for the common law tort of conversion, and, thus, were different from the claims in the prior bankruptcy proceeding is meritless.  Each of the nine counts in the complaint were for "violation of the automatic stay," citing 11 U.S.C. § 362(a)—the same exact claims resolved in the prior bankruptcy decision in the First Circuit.

[12] Although Congress did not enact a statute of limitations for claims involving willful violations of an automatic stay, we agree with the district court that the Heghmanns' 17-year delay in filing the underlying complaint while they admittedly forum shopped for a court that would hear their case is gravely concerning.  Under these circumstances, we conclude that, even if the Heghmanns' claims were not barred by *res judicata*, they would be barred by the doctrine of laches.  *See Thornton v. First State Bank of Joplin*, 4 F.3d 650, 653 (8th Cir. 1993) (explaining that "[w]hile delay alone does not automatically constitute laches, if a plaintiff's delay (1) is unreasonable and unexplained and (2) has disadvantaged the defendant, laches may apply," and upholding application of the doctrine where the debtor waited four years after discovering the violation and two years after bankruptcy proceedings concluded to file his complaint, without explanation for the delay).  In the Heghmanns' case, the only reason for the delay in filing the underlying complaint was their admitted forum shopping, which further demonstrates why application of the doctrine of laches is appropriate.

litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." (quotation omitted)); *see also In re Harrison*, 599 B.R. 173, 183 (Bankr. N.D. Fla. 2019) (explaining that contempt is the "appropriate remedy" for willful violations of an automatic stay).    Accordingly, the district court correctly determined that the Heghmanns' claims against Djamel were barred by *res judicata*.

### ii.    Claims against the remaining Hafianis

With regard to the claims against Miriam, Mary, Julia, and Jamal Hafiani, the Heghmanns argue that the Hafianis did not assert in their motions to dismiss that the complaint failed to allege that they knew of the automatic stay; therefore, they waived this defense and the district court erred in relying on it as a basis for the dismissal.    However, the Heghmanns fail to challenge another ground on which the district court based its dismissal—that the complaint was "deficient in that the[] counts make assertions against these Defendants collectively and do not afford each Defendant notice as to the specific allegations made as to each Defendant."    "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).    Accordingly, we affirm the district court's dismissal of the claims against the remaining Hafianis.

21-12650                Opinion of the Court                17

B. *Whether the district court erred in dismissing the complaint against the Town of Rye for lack of personal jurisdiction*

The Heghmanns argue that the district court erred in dismissing the claims against the Town of Rye because the district court failed to recognize that "jurisdiction over the Town of Rye was never *in personam*, it was always *quasi in rem*." The problem for the Heghmanns is that, even if they were proceeding under quasi in rem jurisdiction, the district court would lack jurisdiction because the Heghmanns did not allege that the Town of Rye has any property in Florida for purposes of quasi in rem jurisdiction. *See Shaffer v. Heitner*, 433 U.S. 186, 199 & n.17 (1977) (explaining that in rem and quasi in rem jurisdiction are "based on the court's power over property within its territory"); *World Wide Supply OU v. Quail Cruises Ship Mgmt.*, 802 F.3d 1255, 1259–60 (11th Cir. 2015) (explaining that quasi in rem jurisdiction involves an action "against a party who is not personally present in the district but whose property is present").

Furthermore, the Heghmanns do not challenge the district court's determination that it lacked in personam personal jurisdiction. Accordingly, they abandoned any challenge of that ground, and we affirm the dismissal of claims against the Town of Rye for lack of personal jurisdiction. *Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**